

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

_____

970 Broad Street, 7th Floor          (973) 645-2700
Newark, New Jersey 07102

February 18, 2025

Brandon D. Minde, Esq.
Dughi, Hewit & Domalewski, PC
340 North Avenue
Cranford, NJ 07016

Re:  Plea Agreement with Amir Johnson, a/k/a "Devin Hunter"

Dear Mr. Minde:

This letter sets forth the plea agreement between your client, Amir Johnson, a/k/a "Devin Hunter" ("HUNTER"), and the Acting United States Attorney for the District of New Jersey ("this Office"). This offer will expire on March 3, 2025, if it is not accepted in writing by that date. If HUNTER does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from HUNTER to a three-count Information charging that: (1) on or about August 31, 2023, HUNTER unlawfully possessed a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); (2) on or about August 31, 2023, HUNTER knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) (Count Two); and (3) between in or around January 2023 through in or around August 2023, HUNTER knowingly and intentionally conspired with others to distribute and possess with intent to distribute controlled substances, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), in violation of Title 21, United States Code, Section 846 (Count Three).

If HUNTER enters a guilty plea and is sentenced on these charges, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against HUNTER for: (1) the illegal possession of a

- 1 -

firearm and ammunition in Essex County, New Jersey on or about August 31, 2023; and (2) conspiring to distribute, distributing, or possessing with intent to distribute controlled substances in Essex County, New Jersey between in or around January 2023 through August 2023.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against HUNTER even if the applicable statute of limitations period for those charges expires after HUNTER signs this agreement, and HUNTER agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 922(g)(1) to which HUNTER agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) to which HUNTER agrees to plead guilty in Count Two of the Information carries a mandatory minimum prison sentence of 5 years, a statutory maximum sentence of 40 years and a statutory maximum fine equal to the greatest of: (1) $5,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. § 846 to which HUNTER agrees to plead guilty in Count Three of the Information carries a mandatory minimum prison sentence of 5 years, a statutory maximum prison sentence of 40 years, and a statutory maximum fine equal to the greatest of: (1) $5,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentences imposed on Counts One, Two, and Three may run consecutively to each other and to any other sentence HUNTER is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon HUNTER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United

States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence HUNTER ultimately will receive.

Further, in addition to imposing any other penalty on HUNTER, the sentencing judge as part of the sentence:

(1)     will order HUNTER to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order HUNTER to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     must order forfeiture pursuant to 18 U.S.C. § 924 and 21 U.S.C. § 853;

(4)     may deny HUNTER certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a; and

(5)     pursuant to 18 U.S.C. § 3583, may require HUNTER to serve a term of supervised release of not more than 3 years on Count One, and pursuant to 21 U.S.C. § 841, must require HUNTER to serve a term of supervised release of at least 4 years on Count Two and Count Three, which terms will begin at the expiration of any term of imprisonment imposed. Should HUNTER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, HUNTER may be sentenced to not more than 2 years' imprisonment on Count One and not more than 3 years' imprisonment on Count Two and Count Three, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Forfeiture</u>

As part of HUNTER's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), HUNTER agrees to forfeit to the United States all right, title, and interest, if any, in the following items seized on or about August 31, 2023:

One .38 caliber handgun, bearing serial number B84872; and

Eight (8) rounds of .38 caliber ammunition

(collectively, the "Specific Property").

HUNTER acknowledges that the Specific Property is subject to forfeiture as a firearm or ammunition involved in or used in the violation of 18 U.S.C. § 922(g)(1) charged in Count One of the Information.

HUNTER waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), HUNTER consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. HUNTER understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise HUNTER of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. HUNTER further understands that HUNTER has no right to demand that any forfeiture of HUNTER's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. HUNTER waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

HUNTER also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 924(d). HUNTER agrees that HUNTER will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent HUNTER has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. HUNTER further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

HUNTER further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of HUNTER's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the

- 4 -

forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Additionally, as part of HUNTER's acceptance of responsibility and pursuant to 21 U.S.C. § 853, HUNTER agrees to forfeit to the United States any and all property constituting or derived from any proceeds HUNTER obtained, directly or indirectly, as the result of the violations charged in Counts Two and Three of the Information, and all of HUNTER's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in Counts Two and Three of the Information.

HUNTER further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by HUNTER (the "Money Judgment"). HUNTER consents to the entry of an order requiring HUNTER to pay the Money Judgment and agrees that such Order will be final as to HUNTER prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating HUNTER's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. HUNTER further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

HUNTER waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), HUNTER consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to HUNTER prior to the sentencing. HUNTER understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise HUNTER of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. HUNTER further understands that HUNTER has no right to demand that any forfeiture of HUNTER's assets be

treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon HUNTER in addition to forfeiture.

HUNTER further agrees that, not later than the date HUNTER enters the guilty plea, HUNTER will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If HUNTER fails to do so, or if this Office determines that HUNTER has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on HUNTER by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of HUNTER's activities and relevant conduct with respect to this case.

Stipulations

This Office and HUNTER will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not

- 6 -

stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and HUNTER waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

HUNTER understands that, if HUNTER is not a citizen of the United States, HUNTER's guilty plea to the charged offenses will likely result in HUNTER being subject to immigration proceedings and removed from the United States by making HUNTER deportable, excludable, or inadmissible, or ending HUNTER's naturalization. HUNTER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. HUNTER wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause HUNTER's removal from the United States. HUNTER understands that HUNTER is bound by this guilty plea regardless of any immigration consequences. Accordingly, HUNTER waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. HUNTER also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against HUNTER. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against HUNTER.

No provision of this agreement shall preclude HUNTER from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between HUNTER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
Acting United States Attorney

/s/ *Kelly M. Lyons*
_____

By:  KELLY M. LYONS
     Assistant U.S. Attorney

APPROVED:

_____
DESIREE GRACE
Chief, Criminal Division

I have received this letter from my attorney, Brandon D. Minde, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____        Date: 4/25/25
Amir Johnson,
a/k/a "Devin Hunter"


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____        Date: 4/25/25
Brandon D. Minde, Esq.
Counsel for Defendant

Plea Agreement with Amir Johnson, a/k/a "Devin Hunter" ("Hunter")

Schedule A

1.    This Office and Hunter stipulate to the following facts:

a.    On or about August 31, 2023, Hunter knowingly possessed a .38 caliber handgun, bearing serial number B84872 (the "Firearm"), and eight rounds of .38 caliber ammunition (the "Ammunition").

b.    The Firearm and Ammunition were manufactured outside the State of New Jersey and thus necessarily traveled in interstate or foreign commerce prior to Hunter's possession thereof on August 31, 2023.

c.    On or about August 31, 2023, Hunter knowingly and intentionally possessed with intent to distribute a controlled substance.

d.    The controlled substance that Hunter knowingly and intentionally possessed with the intent to distribute included 83 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

e.    Between in or around January 2023 through in or around August 2023, Hunter knowingly and intentionally conspired with others to distribute and possess with intent to distribute controlled substances.

f.    The controlled substances that Hunter knowingly and intentionally conspired with others to distribute and possess with intent to distribute included (1) approximately 164 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, or approximately 410 kilograms of converted drug weight; (2) approximately 22 grams of a mixture and substance containing 4-ANPP, a Schedule II controlled substance, or approximately 55 kilograms of converted drug weight; (3) approximately 9.6 grams of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, or approximately 34.2 kilograms of converted drug weight; (4) approximately 1.26 grams of a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, or approximately 8.4 kilograms of converted drug weight; and (5) approximately 114 units of a mixture and substance containing a detectable amount of Xanax, a Schedule IV controlled substance, or approximately 7.1 grams of converted drug weight. In total, the converted drug weight for the controlled substances that Hunter knowingly and intentionally conspired with others to distribute and possess with intent to distribute is approximately 507 kilograms.

g.    On or about February 19, 2013, Hunter was convicted of the following crime in the Superior Court of New Jersey, Essex County: unlawful

possession of a handgun, a second-degree crime, in violation of N.J.S.A. 2C:39-5(b), for which Hunter was subsequently sentenced to five years' imprisonment. Hunter therefore knew that on or about August 31, 2023, he had previously been convicted of a crime punishable by more than one year of imprisonment.

2.    The parties agree that a term of imprisonment within the range of 84 to 105 months (the "Stipulated Range") is reasonable taking into account all of the factors set forth in 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Range will not bind the District Court. The parties agree not to seek any sentence outside the Stipulated Range.

3.    To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

4.    If the District Court imposes a term of imprisonment within the Stipulated Range:

a.    This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

b.    Hunter will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of that sentence.

c.    These waiver provisions, however, do not apply to:

i.    Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for Hunter's offense of conviction.

ii.    Any proceeding to revoke the term of supervised release.

iii.    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

iv.    An appeal from the denial of a motion for a reduction of the term of imprisonment under § 3582(c)(1)(A) on the grounds that

the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5.    Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.